# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK LAPENA,<br><br>    Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>    Defendant(s). | Case No. 2:21-cv-02170-JCM-NJK<br><br>**Order**<br><br>[Docket No. 69] |

Pending before the Court is Plaintiff's motion for service by publication and to extend the deadline to serve Defendant O.R. "Ray" Lyons. Docket No. 69.

The purpose behind allowing service by publication is to afford an absent defendant notice of the instant litigation. In this case, Plaintiff's efforts to locate and serve Defendant Lyons have not borne fruit, except that Plaintiff has uncovered that Defendant Lyons may have died in Texas in 1993. *See* Docket No. 69-1 at ¶ 1.[1] Plaintiff's motion does not explain why service by publication should be ordered with respect to a defendant who appears to be deceased and, by extension, could not obtain any notice of this lawsuit through service by publication. Given the lack of explanation on that issue, the Court declines to allow service by publication at this time.[2] Any renewed motion for service by publication must either provide some indication that Defendant Lyons may be alive or must include meaningful discussion as to why service by publication is appropriate for a party who appears to be deceased.

---

[1] The allegations in the operative complaint pre-date 1993. *See, e.g.*, Docket No. 24 at ¶¶ 106, 108 (pleading allegations regarding Defendant Lyons regarding proceedings in 1974).

[2] The motion notes a "lack of records corroborating the identity of the possible match." Docket No. 69 at 3. The motion makes clear, however, that there are some details of the deceased that could result in confirmation of identity, including his date of birth. Docket No. 69-1 at ¶ 1. The motion has not explained that further efforts will not result in confirmation that the defendant named in this case is the deceased.

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service by 60 days to May 7, 2022.

Accordingly, the motion for service by publication is **DENIED** without prejudice and the motion to extend the deadline to effectuate service is **GRANTED**.

IT IS SO ORDERED.

Dated: February 10, 2022

_____
Nancy J. Koppe
United States Magistrate Judge