UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK LAPENA, | Case No. 2:21-cv-02170-JCM-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 130] |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Pending before the Court is a stipulation to extend case management deadlines. Docket No. 130.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010). "When a request to extend case management deadlines is made by stipulation, courts may consider the joint nature of the request in deciding whether the circumstances warrant an amendment to the scheduling order. Nonetheless, courts addressing such requests are deciding at bottom whether to modify their own orders, an issue that need not be based necessarily on the promptings of the parties." *Williams v. James River Grp.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).[1] Magistrate

---

[1] Case management deadlines in a scheduling order are not aspirational placeholders, they are "deadlines" that must be met absent a sufficient showing for an extension. Although the Ninth Circuit has expressed the need for leniency with respect to deadlines in other contexts, it has been "protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams*, 627 F. Supp. 3d at 1177 n.3 (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)); *see also Martinez-Sanchez v. Anthony Vineyards, Inc.*, No. 1:19-cv-01404-DAD-JLT,

1

judges have broad discretion to manage the discovery process "in the interests of dispatch and fairness." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court has repeatedly cautioned the parties in this case to be diligent in conducting discovery. *See, e.g.*, Docket No. 124 at 5. Most recently, on May 9, 2023, the Court found that diligence had not been established for a discovery extension, but allowed a partial extension as a courtesy to the parties with a caveat that "[t]he Court is not inclined to extend deadlines further, so counsel must take all appropriate steps to meet the deadlines set herein." Docket No. 128 at 2 (emphasis in original).

The parties have now returned to the Court for a further extension premised on the assertion that a trial continuance in an unrelated action requires another, two-month extension to the discovery cutoff. Docket No. 130. This stipulation suffers from several deficiencies. As a threshold matter, the parties were aware of the need for these depositions many months ago, when they sought an extension with representations that as of May 8, 2023, "Plaintiff *is setting* the depositions of the LVMPD Defendants and the nine Clark County Defendants," Docket No. 127 at 3 (emphasis added), and further that "[t]he depositions of the parties *are occurring in May 2023*," *id.* at 4 (emphasis added). In contrast to those representations, the instant stipulation makes plain that party depositions have not yet taken place. Indeed, the subject stipulation is premised

---

2021 WL 1696274, at *6 (E.D. Cal. Apr. 29, 2021). Decades of Ninth Circuit precedent reflect that case management deadlines established in the scheduling order must be taken seriously. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one"); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines"); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("We have held that Federal Rule of Civil Procedure 16 is to be taken seriously"); *Johnson*, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier" (internal citation and quotations omitted)).

almost entirely on party depositions that remain. *See* Docket No. 130 at 4. No explanation is provided why these depositions were not promptly set back in early May as represented by counsel when the last extension request was made, particularly given the warning to take all steps to meet the deadlines that had been set. Moreover and significantly, counsel were aware of the trial continuance at issue with more than two months remaining in the discovery period. *See id.* at 5. Two months is more than ample time to schedule and complete a handful of depositions.[2]

In short, the parties have once again sought extension of the case management deadlines without establishing diligence. The absence of diligence is accompanied by worrisome discrepancies with the representations made previously and an obvious failure to heed the Court's prior warnings. In light of the circumstances, counsel of record are **ORDERED** to read in its entirety the decision of *Williams v. James River Group*, 627 F. Supp. 3d 1172 (D. Nev. 2022), and to file a declaration so attesting by August 17, 2023. Particularly given the gravity of the issues in this case[3] and the fact that the request is made jointly, the Court will provide <u>one final extension as a courtesy</u>. **NO FURTHER EXTENSIONS WILL BE GRANTED.** With the above caveats, the stipulation is **GRANTED** and deadlines **RESET** as follows:

- Amend pleadings/ add parties: closed
- Initial experts: closed
- Rebuttal experts: closed
- Discovery cutoff: October 31, 2023
- Dispositive motions: December 15, 2023

---

[2] The stipulation provides generalized assertions that one deponent is "not available until October," another deponent has health issues, and coordinating schedules with many attorneys is difficult. No reasonable explanation has been advanced as to why these issues were not ironed out in prompt fashion so that the discovery cutoff could be met.

[3] Of course, the fact that a case involves weighty claims should "prompt vigorous and diligent prosecution of the case within the deadlines set." *See, e.g.*, *D.S. v. Clark Cnty. Sch. Dist.*, No. 2:22-cv-00246-JCM-NJK, Docket No. 79 at 2 n.4 (D. Nev. May 22, 2023) (denying motion to reopen discovery in case with claims alleging physical child abuse). Counsel have been given more than ample time to conduct necessary discovery to litigate fully the claims at issue in this case. The Court will not continue to show leniency on this basis moving forward, so counsel must ensure that the deadlines set herein are met.

- Joint proposed pretrial order: January 15, 2024, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: August 10, 2023

_____
Nancy J. Koppe
United States Magistrate Judge