UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK LAPENA, | Case No. 2:21-CV-2170 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is the defendant's—the Estate of Charles Lee—motion to dismiss all claims against it. (ECF No. 98). Plaintiff Frank LaPena filed a response (ECF No. 100), to which the estate replied (ECF No. 104).

Also before the court is LaPena's countermotion for leave to amend the complaint or substitute the proper party. (ECF No. 101). The estate filed a response (ECF No. 105), to which LaPena replied (ECF No. 106).

Finally, LaPena filed a motion to substitute party (ECF No. 131), which has also been fully briefed. (ECF No. 140, 142).

Because the court grants the Estate's motion to dismiss, LaPena's motions are denied as moot.

**I.     Background**

At the heart of this case is an alleged decades-long conspiracy to wrongfully convict an innocent man of murder. LaPena alleges over a dozen causes of action and names over a dozen defendants. (*See* ECF No. 24). LaPena brings federal and state claims against Clark County and

**James C. Mahan**
**U.S. District Judge**

various prosecutors and law enforcement allegedly involved in his wrongful arrest and conviction. (*Id.*). The following allegations are taken from the first amended complaint.

In 1974, Hilda Krause was violently murdered in her Vegas home. (*Id.* at 12). LaPena was arrested, charged, and convicted of her murder that same year. (*Id.* at 9). In the decades since then, LaPena has maintained his innocence and attempted to exonerate himself through various legal avenues. (*Id.* at 9–10). He was finally successful in 2019 when the Nevada Board of Pardons granted him a general pardon, and he was later issued a Certificate of Innocence in 2021. (*Id.* at 11; ECF No. 39-10).

Charles Lee was the lead investigator at the time for Mrs. Krause's murder. (ECF No. 24, at 13). He was first employed by the Las Vegas Metropolitan Police Department, and then by the Clark County District Attorney's Office. (*Id.*). LaPena alleges that Lee, along with others, concealed exculpatory evidence, failed to properly investigate other leads, conspired to maliciously prosecute him, and thwarted his later attempts to exonerate himself. (*Id.* at 19–27).

Lee died on August 22, 2018. (ECF No. 57-1; ECF No. 98, at 5). LaPena filed his complaint on November 2, 2021—more than three years after Lee's death—naming Charles Lee, or in the alternative—the Estate of Charles Lee, as defendants. (ECF No. 1, at 5). The estate now moves to dismiss all claims against it. (ECF No. 98, at 4–5).

**II.    Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

**James C. Mahan**
**U.S. District Judge**

*Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.  *Id.*

### III. Discussion

The Estate argues that all claims against it must be dismissed because they are time-barred under NEV. REV. STAT. § 11.275(1).  (ECF No. 98, at 4).  Section 11.275(1) provides that "no action can be maintained against an estate" if (1) the defendant is deceased, (2) no letters of administration have been issued, and (3) the action is commenced three years after the defendant's death.  NRS 11.275.  LaPena argues that his claims are not time-barred because they did not accrue until he was declared innocent in 2021.  (ECF No. 101, at 7).

LaPena alleges both state and federal claims.  All of LaPena's federal claims are brought under 42 U.S.C. § 1983.  (*See* ECF No. 24, at 32–39).  Because Congress did not provide a statute of limitations for Section 1983 claims, district courts apply the forum state's limitations laws for personal injury actions "except to the extent any of these laws is inconsistent with federal law."  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  Where "state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."  *Owens v. Okure*, 488 U.S. 235, 249–250 (1989).

The parties do not dispute that NRS 11.275(1) applies to all of LaPena's claims against the estate.  (ECF No. 98, at 2; *see* ECF No. 100, at 7).  The parties do not dispute that Lee is deceased

James C. Mahan
U.S. District Judge

- 3 -

and that letters of administration had not been issued for the estate when the complaint was filed. (ECF No. 98, at 2; ECF 100, at 2). The parties do not dispute that LaPena's action was filed more than three years after Lee's death. (ECF No. 98, at 2; ECF No. 100, at 7). Based on a plain reading of the statute, the claims against the estate are time-barred under section 11.275(1).

However, LaPena argues that the time limitation imposed by section 11.275(1) was equitably tolled until his claims accrued when he was declared innocent, making his complaint timely. (ECF No. 100, at 7). He is incorrect. Section 11.275 is a statute of repose, not a statute of limitations. As such, it is irrelevant that his claims accrued years after Lee's death, and equitable tolling does not apply to save his claims against the Estate.

Statutes of repose mandate that "there shall be no cause of action beyond a certain point, even if no cause of action has yet accrued." *CTS Corp. v. Waldburger*, 573 U.S. 1, 16 (2014). Statutes of repose effectively prevent a cause of action from coming into existence, and they cut off a defendant's liability past a certain point in time. *Id.* This is because the purpose of such statutes is to define the scope of a defendant's liability. *Id.* at 16–17. Accordingly, "[s]tatutes of repose are not subject to equitable tolling." *Somersett Owners Ass'n v. Somersett Dev. Co., Ltd.*, 492 P.3d 534, 539 (Nev. 2021).

Section 11.275 is a statute of repose because it "conditions the cause of action" on filing suit before a cut-off date, rather than within a period following the discovery or accrual of an injury. *See FDIC v. Rhodes*, 336 P.3d 961, 965 (Nev. 2014). Compare section 11.275 with another time limitations statute, such as section 11.090, which provides that actions for "peaceable entry upon real estate" must be commenced "within 5 years from the time *when the right to bring such action accrued*." NRS 11.090 (emphasis added). By contrast, no reference to an accrual date is present in section 11.275, which simply mandates that no action may be maintained against an estate for which letters of administration have not been issued if it is not commenced "within 3 years" of the defendant's death. NRS 11.275.

The court will not read section 11.275 to mean more than it says. *See Mack v. Williams*, 522 P.3d 434, 446–47 (2022) ("Nothing is to be added to what the text states or reasonably implies…That is, a matter not covered is to be treated as not covered." (citations omitted))

**James C. Mahan**
**U.S. District Judge**

- 4 -

(advanced opinion). LaPena filed his complaint more than three years after Lee's death. Section 11.275 clearly proscribes LaPena's claims against the estate and they must be dismissed. Because the court dismisses LaPena's claims as time-barred, it does not address the parties' other arguments.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the estate's motion to dismiss (ECF No. 98) is GRANTED. All claims against defendants Charles Lee and the Estate of Charles Lee are DISMISSED with prejudice.

IT IS FURTHER ORDERED that LaPena's motions for leave to amend the complaint or substitute the proper party (ECF Nos. 101, 131) be DENIED as moot.

DATED November 15, 2023.

_____
UNITED STATES DISTRICT JUDGE