1
2
3
4                          UNITED STATES DISTRICT COURT
5                                DISTRICT OF NEVADA
6                                       * * *
7    FRANK LAPENA,                              Case No. 2:21-CV-2170 JCM (NJK)
8                             Plaintiff(s),                    ORDER
9         v.
10   LAS VEGAS METROPOLITAN POLICE
     DEPARTMENT, et al.,
11
                              Defendant(s).
12
13
14          Presently before the court is a motion for partial judgment on the pleadings filed by

15   defendants Clark County, David Schwartz, Clark Peterson, Pamela Weckerly, Marc Digiacomo,

16   Bob Miller, Stewart Bell, David Roger, and Steve Wolfson (collectively, the "Clark County

17   defendants").  (ECF No. 49).  Plaintiff Frank Lapena filed a response (ECF No. 85), to which the

18   Clark County defendants replied (ECF No. 90).  For the reasons stated below, the court GRANTS

19   in part and DENIES in part the motion for partial judgment on the pleadings.

20   I.     **Background**

21          LaPena alleges a conspiracy spanning decades to wrongfully convict him of murder.  He

22   brings over a dozen causes of action and names over a dozen defendants in his amended complaint.

23   (*See* ECF No. 24).  Relevant to the instant motion are the Clark County defendants, which includes

24   Clark County and various attorneys and employees of the Clark County District Attorney's office.

25   The amended complaint is over 50 pages and includes 164 exhibits—the court summarizes

26   LaPena's allegations below.[1]

27   _____

28          [1] The court notes that the complaint is riddled with redundant and immaterial allegations.
     For example, the allegations contained in paragraphs 2, 45, and 188 are largely redundant.  Many
     of the allegations on pages 11 to 12 of the complaint are largely immaterial.  And—almost every

**James C. Mahan**
**U.S. District Judge**

1    In 1974, Hilda Krause was violently murdered in her Vegas home by two masked

2    assailants. (*Id.* at 12). One of the assailants, Gerald Weakland, was identified and arrested after a

3    tip from a confidential informant. (*Id.* at 13). Weakland had approached the informant some

4    weeks prior in an attempt to recruit him for the murder. (*Id.*). According to the informant,

5    Weakland did not mention LaPena when discussing the murder plot. (*Id.* at 14). Weakland

6    likewise did not mention LaPena in his initial statements to the police. (*Id.*).

7    At some later point, Weakland agreed to cooperate with the state in exchange for leniency.

8    (*Id.* at 14). Weakland admitted to his role in the murder and, for the first time, named LaPena as

9    the mastermind behind the plot. (*Id.*). According to Weakland, LaPena and his then-girlfriend

10   hired him to murder Mrs. Krause so that LaPena's girlfriend could marry Mr. Krause and inherit

11   his estate. (*Id.* at 14–15). LaPena was not a suspect before this confession. LaPena theorizes that

12   the police were motivated to pin the murder on him to draw attention away from Mr. Kause, who

13   should have been the primary suspect. (*Id.* at 2, 13).

14   Based on Weakland's confession, LaPena was arrested, charged, and tried. (*Id.* at 15). In

15   1977, a jury found LaPena guilty of first-degree murder and sentenced him to life in prison. (*Id.*

16   at 9, 20). Weakland later recanted his confession. (*Id.* at 20). The Nevada Supreme Court reversed

17   LaPena's conviction in 1982 based on that recantation. (*Id.*). But LaPena was convicted again at

18   a second trial after prosecutors "orchestrated a resurrection" of Weakland's original confession.

19   (*Id.* at 21–22).

20   In the decades since then, LaPena has maintained his innocence and attempted to exonerate

21   himself through various legal avenues. (*Id.* at 9–10). He was eventually paroled and released from

22   custody in 2005, and in 2019, the Nevada Board of Pardons granted him a general pardon. (*Id.* at

23   11). LaPena was finally issued a Certificate of Innocence in 2021. (*Id.*; ECF No. 39-10).

24   LaPena now brings suit alleging, in essence, that various members of the Clark County

25   District Attorney's office, including deputy district attorneys and a string of district attorneys from

26   1978 to 2017, conspired to frame him for the murder of Mrs. Krause and prevent him from

27   exonerating himself. (*See id.* at 4–9). The court previously dismissed LaPena's claims against

28   ―――――――――
cause of action is brought generally against "all defendants" without sufficient specific allegations
thereunder.

**James C. Mahan**
**U.S. District Judge**

1   defendant Melvyn Harmon as barred by prosecutorial immunity and for being insufficiently

2   pleaded.  (ECF No. 152).  Melvyn Harmon was one of the primary prosecuting attorneys involved

3   in the Krause murder.  (*See generally* ECF No.24).  The court now reviews LaPena's claims against

4   the remaining Clark County defendants.

5   **II.     Legal Standard**

6          "[J]udgment on the pleadings is proper when—taking all the allegations in the non-moving

7   party's pleadings as true—the moving party is entitled to judgment as a matter of law." *Ventress*

8   *v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted).  The nonmoving party's

9   allegations must be accepted as true while any of the moving party's allegations that have been

10  denied or contradicted are assumed to be false.  *MacDonald v. Grace Church Seattle*, 457 F.3d

11  1079, 1081 (9th Cir. 2006).

12         The court typically may not consider matters outside the pleadings on a Rule 12(c) motion

13  lest the motion be treated as one for summary judgment.  *See* Fed. R. Civ. P. 12(d).  But the court

14  can consider matters properly subject to judicial notice under Federal Rule of Evidence 201.  *Khoja*

15  *v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  The court can also consider

16  documents whose contents are merely alleged in a complaint and whose authenticity no party

17  questions.  *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015);

18  *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (holding that courts can consider a

19  document incorporated by reference "if the plaintiff refers extensively to the document or the

20  document forms the basis of the plaintiff's claim").

21         Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are

22  "functionally identical" to motions to dismiss for failure to state a claim under Rule 12(b)(6).

23  *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  To properly state a claim

24  for relief, the "[f]actual allegations must be enough to rise above the speculative level."[2]  *Bell*

25  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain sufficient

26

27  _____

28         [2] While Rule 8 does not require detailed factual allegations, it demands "more than labels
    and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 678.

**James C. Mahan**
**U.S. District Judge**

1  factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

2  662, 678 (2009) (citation omitted).

3      In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

4  when considering whether a claim has been sufficiently pled.  First, the court must accept as true

5  all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the

6  assumption of truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported

7  only by conclusory statements, do not suffice.  *Id.* at 678.

8      Second, the court must consider whether the factual allegations in the complaint allege a

9  plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

10  alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

11  alleged misconduct.  *Id.* at 678.

12      Where the complaint does not permit the court to infer more than the mere possibility of

13  misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.*

14  (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line

15  from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

16      The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

17  1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

18        First, to be entitled to the presumption of truth, allegations in a complaint
or counterclaim may not simply recite the elements of a cause of action, but must

19  contain sufficient allegations of underlying facts to give fair notice and to enable
the opposing party to defend itself effectively.  Second, the factual allegations that

20  are taken as true must plausibly suggest an entitlement to relief, such that it is not
unfair to require the opposing party to be subjected to the expense of discovery and

21  continued litigation.

22  *Id.*  District courts apply federal pleading standards to state law claims in federal court.  *See*

23  *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading

24  standards to action removed from state court).

25  . . .

26  . . .

27  . . .

28  . . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

III.     **Discussion**

A.      The district attorney defendants.

LaPena brings claims for violations under Section 1983[3] and state law claims for malicious prosecution,[4] abuse of process,[5] intentional infliction of emotional distress,[6] civil conspiracy,[7] and negligent infliction of emotional distress[8] against defendants Bob Miller, Stewart Bell, David Roger, and Steve Wolfson in their individual and official capacities as district attorneys for Clark County.   The court dismisses each of these claims, but first addresses the distinction between personal- and official-capacity suits.

"A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law" while official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell*).  An official-capacity suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* (citations omitted).

LaPena brought 1983 claims against Miller, Bell, Roger, and Wolfson in their official capacities as actors for Clark County, but also brought a Section 1983 *Monell* claim against the entity of Clark County itself.  (ECF No. 24, at 38).  The Clark County defendants argue that the official-capacity claims against Miller, Bell, Roger, and Wolfson must therefore be dismissed as redundant to LaPena's *Monell* claim against Clark County.  (ECF No. 49, at 19).  As the court agrees with the Clark County defendants, and Lapena does not oppose this request (ECF No. 85,

---

[3] Claims 1, 2, 3, and 4.  (ECF No. 24, at 32, 34, 36, 37).

[4] Claim 6.  (*Id.* at 40).

[5] Claim 7.  (*Id.* at 41).

[6] Claim 8.  (*Id.* at 42).

[7] Claim 9.  (*Id.* at 43).

[8] Claim 11.  (*Id.* at 44).

James C. Mahan
U.S. District Judge

at 20–21), the court dismisses, with prejudice, all Section 1983 claims against Miller, Bell, Roger, and Wolfson in their official capacities.

1.      *The individual-capacity Section 1983 claims.*

42 U.S.C. § 1983 "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A prima facie case under Section 1983 requires the plaintiff to allege that "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.*

LaPena alleges that Miller was the Clark County district attorney from 1976 to 1986 (ECF No. 24, at 6), Bell was the Clark County district attorney from 1995 to 2002 (*id.* at 8), Roger was the Clark County district attorney from 2003 to 2012 (*id.*), and Wolfson was the Clark County district attorney from 2012 to at least 2017 (*id.* at 9). The Section 1983 claims against these defendants (in their individual capacities) must be dismissed for two reasons: first, they are protected by prosecutorial immunity; and second, LaPena's claims do not pass Rule 8 muster.

Regarding Miller, LaPena does not make specific allegations against him until page 21 of the amended complaint. (*See generally* ECF No. 24). To summarize, LaPena alleges that Miller "knew or should have known" that the charges against LaPena were false; "supervised" the district attorney's office while LaPena's constitutional rights were deprived; "orchestrated a resurrection" of Weakland's confession by "agreeing to write favorable letters to the Nevada Parole Board" for him; "strenuously opposed any reduction in bail or release from custody for LaPena" in 1983; and opposed LaPena's requests for information regarding the confidential informant between 1982 and 1988. (*Id.* at 20–21, 24, 26, 36).

After *thoroughly* reviewing the amended complaint, the court finds that the allegations against Miller suffer from many of the same defects as the allegations against Melvyn Harmon, whom the court dismissed. (ECF No. 152). Throughout the amended complaint, LaPena uses the vague word "oppose" to describe Miller's (and the other defendants') alleged actions, which does not inform the court (or the defendants) of the specific actions that LaPena alleges violated his constitutional rights. Not only does LaPena fail to make specific, non-conclusory allegations—

James C. Mahan
U.S. District Judge

- 6 -

the allegations he *does* make merely state actions Miller took within the scope of his prosecutorial function, which are protected by absolute prosecutorial immunity.

As the court explained in its prior order (*id.*), prosecutors are entitled to *absolute* immunity from liability under Section 1983 for actions performed within their prosecutorial function. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Immunity attaches to the nature of the function performed, not the identity of the actor who performed it." (citations omitted)). These are any actions "intimately associated with the judicial phase of the criminal process…and extends to individuals serving prosecutorial functions at administrative hearings." *Brown v. California Dep't of Corr.*, 554 F.3d 747, 750 (9th Cir. 2009). Only actions performed *outside* that prosecutorial function are entitled to *qualified* immunity. *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).

Actions that the Supreme Court has held to be within the prosecutorial function—and thus covered by absolute immunity—include initiating a prosecution, presenting the government's case, using false testimony at trial, suppressing exculpatory evidence,[9] making parole recommendations, conducting quasi-judicial investigations,[10] and even malicious prosecution. *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (citing *Imbler v. Pachtman*, 424 U.S.409, 431 (1976)); *Broam v. Bogan*, 320 F.3d 1023, 1029–31 (9th Cir. 2003) (collecting cases); *Brown v*, 554 F.3d at 750. Actions *not* covered by absolute immunity are those taken "during the early stages of the investigation" when the prosecutor is acting as a detective rather than an advocate; providing legal advice to police; making false statements to the press; and testifying as a witness. *Id.* at 1010.

---

[9] "A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction…is…an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages." *Broam*, 320 F.3d at 1030. (citations omitted). "An act or an omission concerning such a duty cannot be construed as only administrative or investigative; it too is necessarily related to [the prosecutor's] preparation to prosecute. *Id.* (cleaned up) (citations omitted).

[10] "Prosecutors are absolutely immune from liability for gathering additional evidence after probable cause is established or criminal proceedings have begun when they are performing a quasi-judicial function…. However, even after the initiation of criminal proceedings, a prosecutor may receive only qualified immunity when acting in a capacity that is *exclusively* investigatory or administrative." *Broam*, 320 F.3d at 1030–31 (emphasis added).

James C. Mahan
U.S. District Judge

- 7 -

Furthermore, there is no *respondeat superior* liability under Section 1983. *Jones*, 297 F.3d at 934 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of *personal* participation in the alleged rights deprivation…." *Id.* (emphasis added). To sufficiently plead a Section 1983 claim against a supervisor, a plaintiff must plead that the supervisor defendant, through his or her *individual* actions, violated the Constitution. *Iqbal*, 556 U.S. at 676.

The complaint alleges no well-pled allegation against Miller that is outside the scope of absolute prosecutorial immunity, and the court will not take any of LaPena's conclusory allegations as true. The court reminds LaPena that the operative document here is the amended complaint at ECF No. 24, and the court will not consider any additional allegations made outside of the pleadings.[11] *Cf. Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Section 1983 claims against Miller in his individual capacity are therefore dismissed *with* prejudice.

The Section 1983 claims against Bell, Roger, and Wolfson in their individual capacities must be dismissed for the same reasons. With regards to Bell, LaPena alleges that Bell told him that Bell knew he was innocent, but that "Bell and his deputy district attorneys" continued to work against LaPena from 1995 to 1998 by ensuring that the informant "remained elusive" and that Weakland "stuck to his story." (ECF No. 24, at 16–17). Even if the court entitled these allegations to the assumption of truth, they allege nothing that is not immune from civil liability. As explained above, even malicious prosecution is entitled to absolute immunity. *Milstein*, 257 F.3d at 1008 (explaining that prosecutorial immunity "covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution").

The allegations against Roger and Wolfson are even less specific and more conclusory than those against Bell. Roger and Wolfson are alleged only to have *supervised* legal oppositions to LaPena's various requests for relief from conviction. (*Id.* at 17, 29). These bare and conclusory

---

[11] LaPena continues to make allegations in his responsive documents, which are found nowhere in the amended complaint itself. (*E.g.*, ECF No. 85, at 8, 20). LaPena also opines at length on the actions of certain Las Vegas Metropolitan Police officers even though they are not the subject of the instant motion, and the amended complaint fails to adequately connect any of their actions to the Clark County defendants. (*E.g.*, *id.* at 9–12). Despite what he continues to argue in his response—generalized, shotgun allegations against all 17 defendants do not satisfy the pleading requirements of Rule 8, nor are they entitled to the assumption of truth.

James C. Mahan
U.S. District Judge

1    allegations do not entitle LaPena to relief under Section 1983, which requires the plaintiff to

2    identify specific, individual conduct.  And not only is supervisory liability not available under

3    Section 1983—litigating against a criminal defendant is a quintessential prosecutorial act protected

4    by absolute immunity.  The court accordingly dismisses the individual-capacity Section 1983

5    claims[12] against Bell, Roger, and Wolfson *with* prejudice.

6                                    *2.    The state law claims.*

7            The court has supplemental jurisdiction over LaPena's state law claims.  LaPena alleges

8    common law malicious prosecution (claim 6),[13] common law abuse of process (claim 7),[14]

9    intentional infliction of emotional distress (claim 8),[15] civil conspiracy (claim 9),[16] and negligent

10   infliction of emotional distress (claim 11)[17] against Miller, Bell, Roger, and Wolfson in their

11   individual and official capacities as Clark County district attorneys.  The court dismisses each of

12   these claims.

13          The Clark County defendants argue that they are entitled to absolute immunity as to *all* the

14   state law claims.  (ECF No. 29, at 12–13, 19).  The court disagrees with the Clark County

15   defendants as to LaPena's malicious prosecution claim because Nevada permits a limited

16   exception to absolute prosecutorial immunity when "prosecutor[s] face[] an actual conflict of

17   interest" and file charges they know to be baseless.  *Stevens v. McGimsey*, 673 P.2d 499, 500 (Nev.

18   1983).  In other words, absolute immunity does not apply "where the allegations suggest malicious

19   prosecution."  *Edgar v. Wagner*, 699 P.2d 110, 112 (Nev. 1985).

20          Regarding the remaining state law claims, Nevada applies absolute immunity to state tort

21   claims arising out of a prosecutor's prosecutorial function.  *See Dorsey v. City of Reno*, 238 P.3d

22   807 (Nev. 2008) (table) (applying immunity to claims of negligent and intentional infliction of

---

[12] Claims 1, 2, 3, and 4.

[13] ECF No. 24, at 40.

[14] *Id.* at 41.

[15] *Id.* at 42.

[16] *Id.* at 43.

[17] *Id.* at 44.

James C. Mahan
U.S. District Judge

- 9 -

emotional distress); *Mirch v. Clifton*, 2015 WL 6681231, at *1–2 (Nev. 2015) (slip op.) (affirming a district court's order dismissing abuse of process claims based on absolute immunity).  Other than for the narrow exception for malicious prosecution, Nevada's application of absolute prosecutorial immunity tracks federal law.  *See, e.g.*, *McGimsey*, 673 P.2d at 500 (recognizing the applicability of *Imbler* and finding only a "limited" exception for malicious prosecution).

But the court nonetheless dismisses *all* the state claims against Miller, Bell, Roger, and Wolfson as noncompliant with Federal Rule of Civil Procedure 8, which this court has *sua sponte* authority to do.  Rule 8 mandates that a complaint include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct."  Fᴇᴅ. R. Cɪᴠ. P. 8(d)(1).  Rule 41(b) permits a court to dismiss "any claim" if the plaintiff "fails to prosecute or comply with these rules."  Fᴇᴅ. R. Cɪᴠ. P. 41(b);  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("The rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure…." (citations omitted)).

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life*, 651 F.2d 671, 674 (9th Cir. 1981).  "Although normally verbosity or length is not by itself a basis for dismissing a complaint,…a pleading may [not] be of unlimited length and opacity." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011); *McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir.1996) (upholding dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").  "Complaints that repeatedly incorporate all preceding paragraphs by reference—sometimes called shotgun pleadings—have been found to violate Rule 8." *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

As the court previously noted, the amended complaint is 57 pages long, contains 164 exhibits, and alleges over a dozen claims against over a dozen defendants.  But despite the amended complaint's incredible length, almost every claim makes general, shotgun allegations against all 17 defendants with threadbare, nonspecific facts, and conclusory recitations of the elements of the causes of action.  (*See generally* ECF No. 24).  Though the amended complaint sets forth the

factual circumstances surrounding LaPena's conviction and ultimate exoneration, it fails to identify *who* is alleged to have done *what* under each cause of action. In other words, LaPena has failed to clearly and concisely identify the specific actions *each* defendant took in the alleged conspiracy against him.

This is particularly true with respect to defendants Miller, Bell, Roger, and Wolfson, who were sued in their official and individual capacities but with no clear distinction between the two. The allegations against these four defendants are conclusory, confusing, and fail to provide them with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). The court accordingly dismisses all of LaPena's state claims[18] against defendants Miller, Bell, Roger, and Wolfson, in their individual *and* official capacities, *with* prejudice. *Nevijel*, 651 F.2d at 673 ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]" (citing Rule 41(b)).[19]

B.   The individual attorneys at the Clark County District Attorney's office.

LaPena brings three Section 1983 claims[20] and state law claims for malicious prosecution,[21] abuse of process,[22] intentional infliction of emotional distress,[23] civil conspiracy,[24] and negligent

---

[18] Claims 6, 7, 8, 9, and 11.

[19] The district court has discretion to dismiss claims, with prejudice, under Rule 41(b) after it has explored "less drastic alternatives." *Id.* at 674. But the court need not exhaust all its "less drastic measures" before dismissal and may decide that amendment would be futile. *Id.*; *McHenry*, 84 F.3d at 1179–80. And, when the plaintiff has previously amended the complaint, the district court's discretion to "deny leave to amend is particularly broad." *Cafasso, U.S. ex rel.*, 637 F.3d at 1058. Not only are many of the state claims against Miller, Bell, Roger, and Wolfson barred by prosecutorial immunity, but the court, in a prior order, instructed LaPena on the defects of his complaint. (*See* ECF No. 152). Yet, LaPena has not requested leave to amend his complaint again. At any rate, the court finds that amendment would be futile.

[20] Claims 1, 2, and 4. (ECF No. 24, at 32, 34, 37).

[21] Claim 6. (*Id.* at 40).

[22] Claim 7. (*Id.* at 41).

[23] Claim 8. (*Id.* at 42).

[24] Claim 9. (*Id.* 43).

James C. Mahan
U.S. District Judge

1   infliction of emotional distress[25] against defendants David Schwartz[26] and Clark Peterson[27] in their

2   individual capacities as prosecuting attorneys at the Clark County District Attorney's office.  The

3   court dismisses all the claims brought against these two defendants.

4       At most, Schwartz is alleged to have "vigorously litigated against" LaPena throughout the

5   course of LaPena's various post-conviction proceedings.  (ECF No. 24, at 16).  This includes

6   allegedly opposing the disclosure of information regarding the confidential informant for LaPena's

7   second trial and writing letters to the Nevada Parole Board for Weakland.  (*Id.* at 17, 21, 22).  As

8   far as the court can tell, Peterson's only involvement is allegedly testifying at LaPena's 2003

9   pardon hearing and "oppos[ing]" LaPena's pardon request.  (*Id.* at 17, 28, 29).

10      Yet again, LaPena has failed to *specifically* allege any action taken by either Schwartz or

11  Peterson that is not immune from liability under Section 1983 based on absolute prosecutorial

12  immunity *or* a violation of his constitutional rights.  The court is unaware of any authority that

13  makes "oppos[ing]" or testifying at a pardon hearing a constitutional violation.  And all of

14  Schwartz's alleged conduct is squarely within the protection of absolute prosecutorial immunity.

15      As Nevada's application of absolute prosecutorial immunity tracks federal law (except for

16  malicious prosecution) claims 1, 2, 4, 7, 8, 9, and 11 against Schwartz and Peterson are dismissed,

17  *with* prejudice, as barred by absolute prosecutorial immunity.  LaPena's common law malicious

18  prosecution claim (claim 6) is dismissed under Rule 8.

19      The elements for Nevada's malicious prosecution claim are: (1) lack of probable cause to

20  initiate the criminal proceeding, (2) malice, (3) termination of that criminal proceeding, and (4)

21  damages.  *LaMantia v. Redisi*, 38 P.3d 877, 879 (2002).  The Nevada Supreme Court has yet to

22  define "malice" in the context of malicious prosecution, but this court is persuaded that it would

23  look to the Restatement (Second) of Torts for guidance, as it has done in the past.[28]  *See, e.g.*, *Clark*

---

24

25  [25] Claim 11.  (*Id.* at 44).

26  [26] *Id.* at 6.

27  [27] *Id.* at 8.

28  [28] Where the state's highest court has not decided an issue of law, the district court's task
    is to "predict" how that court would rule.  *Hayes v. Cnty. of San Diego*, 658 F.3d 867, 871 (9th
    Cir. 2011).

James C. Mahan
U.S. District Judge                                                  - 12 -

*Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 502 (Nev. 2009) (citing the Restatement (Second) of Torts).  The Restatement provides that malice requires the criminal proceedings to have been "initiated *primarily* for a purpose other than that of bringing an offender to justice."  Restatement (Second) of Torts § 668 (1977) (emphasis added).

The amended complaint does not sufficiently plead malicious prosecution as to Schwartz and Peterson.  There are no specific, non-conclusory allegations that show that either Schwartz or Peterson "initiated" the proceedings against LaPena without probable cause or with malice.  The amended complaint is so bereft of specific allegations against Schwartz and Peterson that the court cannot be sure of what Lapena is alleging Schwartz and Peterson did to subject them to civil liability.  LaPena's sixth claim for malicious prosecution against Schwartz and Peterson is therefore dismissed *with* prejudice.[29]

C.     The Clark County District Attorney's office employees.

LaPena brings three Section 1983 claims[30] and state law claims for malicious prosecution,[31] abuse of process,[32] intentional infliction of emotional distress,[33] civil conspiracy,[34] and negligent infliction of emotional distress[35] against defendants Pamela Weckerly[36] and Marc Digiacomo[37] in their individual capacities as employees of the Clark County District Attorney's office.  But the amended complaint does not allege that either Weckerly or Digiacomo are, or were, prosecuting

---

[29] The court applies the same reasoning to this claim as it applied to the claims in Section A.2 of this order, under Rule 8.

[30] Claims 1, 2, and 4.  (ECF No. 24, at 32, 34, 37).

[31] Claim 6.  (*Id.* at 40).

[32] Claim 7.  (*Id.* at 41).

[33] Claim 8.  (*Id.* at 42).

[34] Claim 9.  (*Id.* 43).

[35] Claim 11.  (*Id.* at 44).

[36] (*Id.* at 7).

[37] (*Id.*).

James C. Mahan
U.S. District Judge

1  attorneys.  (*See generally*, ECF No. 24).  In fact, the court is at a loss for what their alleged roles

2  were at the Clark County District Attorney's office.

3     It appears, based on LaPena's many shotgun allegations against all 17 defendants, that he

4  is attempting to hold at fault anyone merely tangentially involved in his conviction and post-

5  conviction proceedings.  As the court has already stated *ad nauseum*, LaPena fails to adequately

6  describe each defendant's individual actions with the requisite specificity to notify the court (and

7  the defendants) of how such actions subject the defendants to civil liability under each alleged

8  cause of action.

9     Overly verbose and "confusing complaints" "impose unfair burdens on litigants and

10  judges" because they make it difficult for the other litigants and judges to "determine who is being

11  sued for what." *McHenry*, 84 F.3d at 1179–80.  They lead to "discovery disputes and lengthy

12  trials, prejudicing litigants in other cases who follow the rules, as well as defendants in the case in

13  which the prolix pleading is filed." *Id.*  LaPena has soundly failed to allege Rule 8 compliant

14  claims against Weckerly and Digiacomo.  The court finds that amendment would be futile and

15  therefore dismisses all claims against Weckerly and Digiacomo *with* prejudice.

16     D.    Clark County

17     LaPena alleges a *Monell* claim against defendant Clark County.  (ECF No. 24, at 38).  He

18  also alleges state claims for malicious prosecution,[38] abuse of process,[39] intentional infliction of

19  emotional distress,[40] civil conspiracy,[41] *respodeat superior*,[42] negligent infliction of emotional

20  distress,[43] and indemnification[44] against Clark County.  The court dismisses each of these claims

21  under Rule 8.

---

[38] *Id.* at 40.

[39] *Id.* at 41.

[40] *Id.* at 42.

[41] *Id.* at 43.

[42] *Id.* at 44.

[43] *Id.*

[44] *Id.* at 45.

James C. Mahan
U.S. District Judge

1   A Section 1983 *Monell* claim requires a "policy, practice, or custom of the entity" to be

2   shown as the "moving force" behind the alleged constitutional violations. *Dougherty v. City of*

3   *Covina*, 654 F.3d 892, 900 (9th Cir. 2011). LaPena's state claims are all based upon a theory of

4   *respondeat superior*. In Nevada, "respondeat superior liability attaches only when the employee

5   is under the control of the employer and when the act is within the scope of employment."

6   *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1179 (Nev. 1996). The "control" element

7   requires the employer to "have control and direction not only of the employment to which the

8   contract relates but also of all of its details and the method of performing the work." *Id.* (cleaned

9   up).

10   Here, LaPena's *Monell* and state claims "lack any factual allegations that would separate

11   them from the formulaic recitation of a cause of action's elements deemed insufficient by

12   *Twombly*." *Id.* The amended complaint lacks "any *factual* allegations regarding key elements of

13   the *Monell*" claim, such as a specific policy, practice, or custom that is the "moving force" behind

14   the alleged actions of the other defendants. *Id.* (emphasis added). His state claims are similarly

15   devoid of specific factual allegations as to the crucial element of control.

16   As thoroughly explained above, the amended complaint is riddled with redundant, shotgun,

17   immaterial, vague, and conclusory allegations. These deficiencies are even more apparent in the

18   claims and allegations against Clark County, which can only be described as thoroughly

19   conclusory and confusing. However, the court will dismiss the claims against Clark County

20   *without* prejudice[45] and therefore does not enter judgment on the pleadings against Clark County.

21   **IV.   Conclusion**

22   Accordingly,

23   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Clark County

24   defendants' motion for partial judgment on the pleadings (ECF No. 49) is GRANTED in part and

25   DENIED in part, consistent with the foregoing.

26   _____

27   [45] As the court has not yet evaluated *all* claims made against all the defendants in this action

28   (which includes additional defendants alleged to be employed by Clark County but who are not
the subject of the instant motion), it does not evaluate whether the claims against Clark County
can be saved by amendment.

James C. Mahan
U.S. District Judge

- 15 -

1        Specifically, the court DISMISSES defendant Clark County from this case, **without**

2  prejudice.  The court DISMISSES all claims against the following defendants, **with** prejudice:

3  David Schwartz, Clark Peterson, Pamela Weckerly, Marc Digiacomo, Bob Miller, Stewart Bell,

4  David Roger, and Steve Wolfson.

5        The clerk of the court is INSTRUCTED to TERMINATE defendants Clark County, David

6  Schwartz, Clark Peterson, Pamela Weckerly, Marc Digiacomo, Bob Miller, Stewart Bell, David

7  Roger, and Steve Wolfson from this action as no claims against them remain.

8        DATED March 22, 2024.

9

10                        UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**