UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK LAPENA, | Case No. 2:21-CV-2170 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is a motion for partial dismissal filed by defendants the Las Vegas Metropolitan Police Department ("LVMD"), Michele Whitney, and Jerry Keller (collectively, the "LVMPD defendants"). (ECF No. 65). Plaintiff Frank Lapena filed a response (ECF No. 81), to which the LVMPD defendants replied (ECF No. 89). For the reasons stated below, the court GRANTS the LVMPD defendants' motion for partial dismissal.

**I.     Background**

LaPena alleges a conspiracy spanning decades to wrongfully convict him of murder. He brings over a dozen causes of action and names over a dozen defendants in his amended complaint. (*See* ECF No. 24–39). Many of the defendants have already been dismissed from the case. (ECF Nos. 150, 152, 158). As the court has already thoroughly recounted LaPena's allegations in prior orders, it provides only a short summary of them here.

In 1974, Hilda Krause was violently murdered in her Vegas home by two masked assailants. (ECF No. 24, at 12). One of the assailants, Gerald Weakland, was identified and arrested after a tip from a confidential LVMPD informant. (*Id.* at 13). Based on Weakland's

**James C. Mahan**
**U.S. District Judge**

confession that LaPena was the mastermind behind the murder, LaPena was investigated, arrested, convicted, and sentenced for the murder of Mrs. Krause. (*Id.* at 14–15).

LaPena was eventually granted a general pardon in 2019 and issued a Certificate of Innocence in 2021 following decades of legal battles to prove his innocence. (*Id.* at 9–11; ECF No. 39-10). The gravamen of LaPena's amended complaint is that he was framed for the murder. He alleges that everyone involved in his investigation and prosecution knew that Weakland was lying about his involvement in the murder because Weakland did not implicate him when first discussing the plot with the LVMD informant. (*See generally id.*).

The defendants still remaining in this case include the LVMDP defendants and Beecher Avants, the Estate of Beecher Avants, and O.R. Lyons. The LVMPD defendants ask the court to dismiss all claims against Whitney and Keller; and claims 5, 9, 10, and 12 against the LVMPD; for being improperly pleaded under Rule 12(b)(6). (ECF No. 65, at 19). As explained further below, the court dismisses all of LaPena's claims against the LVMPD defendants under Rules 12(b)(6) and 8; and dismisses all of the claims against Beecher Avants, the Estate of Beecher Avants, and O.R. Lyons under Rule 8.

**II.     Legal Standard**

A.     Rule 12(b)(6)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual

allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* District courts apply federal pleading standards to state law claims in federal court. *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading standards to action removed from state court).

B.   Rule 8

Rule 8 mandates that a complaint include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Rule 41(b) permits a court to dismiss "any claim" if the plaintiff "fails to prosecute or comply with these rules." FED. R. CIV. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("The rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure…." (citations omitted)).

**James C. Mahan**
**U.S. District Judge**

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life*, 651 F.2d 671, 674 (9th Cir. 1981). "Although normally verbosity or length is not by itself a basis for dismissing a complaint,…a pleading may [not] be of unlimited length and opacity." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011); *McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir.1996) (upholding dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). "Complaints that repeatedly incorporate all preceding paragraphs by reference—sometimes called shotgun pleadings—have been found to violate Rule 8." *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

### III.    Discussion

After thoroughly reviewing LaPena's amended complaint and the parties' briefs, the court concludes that all of LaPena's claims against the remaining defendants must be dismissed.[1] The court previously found many of LaPena's claims to be noncompliant with Rule 8. (ECF Nos. 152, 158). In addition to lacking sufficient factual allegations, the amended complaint is over 50 pages long and includes 164 exhibits. (*See* ECFS No. 24–39). Yet despite the barrage of exhibits provided, the amended complaint does not reference a single one in support of its allegations. (*See generally* ECF No. 24). A majority of the exhibits are entire transcripts of court proceedings and copies of court documents, and as there are no specific citations, it is impossible to discern how they relate to the allegations within the amended complaint. (*Id.* at 47–57).

The amended complaint itself is replete with redundant and immaterial allegations. As an example,[2] the allegations contained in paragraphs 1 through 4 and 34 through 47 are largely redundant of each other, and other allegations in the amended complaint. Many of the allegations on pages 11, 12, 17, 18, and 19 are immaterial. The complaint is also filled with "shotgun" allegations against all 17 defendants. *Sollberger v. Wachovia Secs.*, LLC, No. SACV 09-0766 AG

---

[1] Insofar as the parties have raised other arguments that are not specifically addressed in this order, the court has considered the same and concluded that they either do not present a basis for relief or need not be reached given the court's ultimate ruling.

[2] The court provides the following merely as *examples* of the redundant, immaterial, ambiguous, and confusing allegations; it is not an exhaustive list.

**James C. Mahan**
**U.S. District Judge**

(ANx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (explaining that "shotgun" pleadings are unacceptable under Rule 8 because they "overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations").

Many of LaPena's allegations are also confusing, ambiguous, and contradictory. LaPena repeatedly alleges—in a conclusory fashion—that the defendants knew that Weakland's statements implicating him were false, but never provides specific and clear factual allegations to explain how they could have known this. (*See generally* ECF No. 24). For example, LaPena alleges simply that Detective Avants knew this because Weakland's testimony "did not match the crime scene evidence,"[3] yet provides no other specific factual allegations to this point. But as the amended complaint does not allege that Weakland ever claimed that Lapena was present for the crime itself, it is confusing how the crime scene evidence would contradict Weakland's testimony.[4]

The complaint also appears to admit that LaPena was convicted based on evidence other than Weakland's confession,[5] which contradicts his *other* allegations against the defendants. The amended complaint does not explain how the defendants could have known that LaPena was innocent (and that Weakland was lying about LaPena's involvement) if there was sufficient evidence to convict LaPena even without Weakland's testimony at trial.

Once the court disregards all of the conclusory, confusing, redundant, and immaterial allegations, the amended complaint fails to state a plausible claim for relief against any of the remaining defendants. The complaint is "so mired in extraneous facts, various issues related and unrelated, and legal arguments that it fails to comply with Rule 8(a)," and it is not the court's duty to "wade through exhibits" or prolix allegations "to determine whether cognizable claims have been stated." *Blair v. CDCR*, No. 1:14-CV-1156-SAB (PC), 2014 WL 13025127, at *2 (E.D. Cal.

---

[3] (ECF No. 24, at 15).

[4] (*E.g.*, *id.* at 14).

[5] In paragraph 133, LaPena alleges that he was convicted by a jury for Mrs. Krause's murder, even though Weakland "testified that [he] was not involved" in the murder (paragraph 134). (*Id.* at 23).

James C. Mahan
U.S. District Judge

Nov. 7, 2014). The court therefore dismisses all of LaPena's claims against the LVMD defendants as both noncompliant with Rule 8 and insufficient under 12(b)(6).

Overly verbose and "confusing complaints" "impose unfair burdens on litigants and judges" because they make it difficult for the other litigants and judges to "determine who is being sued for what." *McHenry*, 84 F.3d at 1179–80. They lead to "discovery disputes and lengthy trials, prejudicing litigants in other cases who follow the rules," *and* the litigants in the instant case. *Id.* The court therefore dismisses all of LaPena's claims against Beecher Avants, the Estate of Beecher Avants, and O.R. Lyons, without prejudice, as noncompliant with Rule 8.

## IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the second motion for partial dismissal filed by defendants the Las Vegas Metropolitan Police Department, Michele Whitney, and Jerry Keller be, and the same hereby is, GRANTED, consistent with the foregoing. (ECF No. 65).

The court DISMISSES, **without prejudice**, all of Frank LaPena's claims against the Las Vegas Metropolitan Police Department, Beecher Avants, the Estate of Beecher Avants, Michele Whitney, O.R. Lyons, and Jerry Keller. The clerk of the court is INSTRUCTED to terminate the foregoing defendants from the case as no claims remain against them.

DATED March 29, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**