1

2

3

4                        UNITED STATES DISTRICT COURT

5                             DISTRICT OF NEVADA

6                                    * * *

7    FRANK LA PENA,                              Case No.2:21-CV-2170  JCM (NJK)

8                            Plaintiff(s),                AMENDED ORDER

9         v.

10   LVMPD, et al.,

11                           Defendant(s).

12

13            Presently before the court is plaintiff Frank LaPena's motion for reconsideration.  (ECF

14   No. 153).  Defendants Melvyn Harmon and the Estate of Melvyn Harmon ("Harmon") filed a

15   response (ECF No. 156), to which plaintiff replied (ECF No. 157).  For the reasons stated below,

16   the court denies the motion.

17   **I.    Background**

18            This action arises from LaPena's wrongful conviction in a murder case several decades

19   ago.  As the court has already thoroughly recounted LaPena's allegations in prior orders, it

20   provides only a short summary here.

21            In 1974, Las Vegas resident Hilda Krause was murdered in her home by two masked

22   assailants.  (ECF No. 24).  One assailant was identified as Gerald Weakland by a confidential

23   LVMPD informant.  (*Id.*).  Weakland was arrested and agreed to cooperate with the investigation

24   in exchange for leniency.  (*Id.*).  Weakland admitted to his role in the murder and eventually named

25   LaPena as a co-defendant.  (*Id.*).  Based on Weakland's confession, LaPena was wrongfully

26   convicted and sentenced for Krause's murder in 1977.  (*Id.*).

27            LaPena was granted a general pardon in 2019 and issued a Certificate of Innocence in 2021.

28   (*Id.*).  LaPena filed a complaint in 2021 alleging that he was maliciously framed and convicted for

1    murder. (*Id.*). LaPena alleged over a dozen causes of action against numerous defendants in his

2    amended complaint. (ECF No. 24). The court has since dismissed all claims against all

3    defendants. (ECF Nos. 152, 159). LaPena now moves the court to reconsider its dismissal of his

4    claims against prosecutor Melvyn Harmon.

5        LaPena specifically alleged Harmon, as prosecuting attorney, concealed exculpatory

6    evidence, "coerced" Weakland's statements, and conspired to wrongfully prosecute him for

7    Krause's murder. The court granted Harmon's motion to dismiss in full, finding Harmon is entitled

8    to prosecutorial immunity on nearly all claims.

9    **II.    Legal Standard**

10       Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however,

11   "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

12   conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)

13   (internal quotations omitted). A motion for reconsideration "should not be granted, absent highly

14   unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

15       On one hand, a motion for reconsideration "may not be used to raise arguments or present

16   evidence for the first time when they could reasonably have been raised earlier in the litigation."

17   *Kona Enters., Inc.*, 229 F.3d at 890. On the other hand, "[a] movant must not repeat arguments

18   already presented unless (and only to the extent) necessary to explain controlling, intervening law

19   or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions."

20   LR 59-1(b).

21       Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district

22   court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

23   decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School

24   Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b).

25   **III.    Discussion**

26       LaPena alleged four § 1983 claims and six state law claims against Harmon. The court

27   dismissed all but one claim on absolute prosecutorial immunity grounds. LaPena moves the court

28   to reconsider its dismissal on two grounds: (1) the court erred finding Harmon is entitled to

prosecutorial immunity for eliciting and relying on false testimony, and (2) there is newly discovered evidence concerning a confidential informant.

### A.  The court did not commit clear error in dismissing LaPena's claims.

First, LaPena argues the court overlooked his allegations that Harmon engaged in the fabrication of false evidence and subornation of Weakland's perjured testimony, which LaPena argues are outside of prosecutorial immunity.  (ECF No. 153).  The court reviews its decision for clear error or manifest injustice.  *See School Dist. No. 1J*, 5 F.3d at 1263.

Prosecutors are entitled to absolute immunity from liability under section 1983 for actions performed within their prosecutorial function.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Immunity attaches to the nature of the function performed, not the identity of the actor who performed it." (citations omitted)).  Nevada law similarly applies absolute immunity to most state tort claims arising out of prosecutorial function.  *See Dorsey v. City of Reno*, 238 P.3d 807 (Nev. 2008).

Between January and March 1974, Harmon interviewed Weakland several times about the Krause murder.  Weakland did not name LaPena as a co-conspirator to the murder until he was offered immunity on other charges.  Weakland's testimony implicating LaPena was ultimately proven false.  LaPena realleges the same general facts from his complaint—Harmon knowingly elicited and relied on Weakland's false testimony to wrongfully convict LaPena.

LaPena's argument fails to show that reconsideration is appropriate.  The allegations in LaPena's motion are conclusory, informed only by circumstantial and speculative information.  Weakland's testimony concerning LaPena was indeed proven false, but this does not meet the standard to escape prosecutorial immunity, much less to show clear error or manifest injustice.  *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Actions that the Supreme Court has held to be within the prosecutorial function—and thus covered by absolute immunity—include initiating a prosecution, presenting the government's case, using false testimony at trial, suppressing exculpatory evidence, and even malicious prosecution.  *Milstein v. Cooley*, 257 F.3d 1004 (9th Cir. 2001) (citing *Imbler*).  The Supreme Court even recognizes presenting evidence in support of a search warrant as prosecutorial, not

1   investigative. *Burns v. Reed*, 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991).

2          Given the Supreme Court's broad characterization of prosecutorial conduct, the court is

3   sufficiently persuaded that the early interactions between Harmon and Weakland were within

4   Harmon's role as a prosecutor. *See Buckley v. Fitzsimmons,* 509 U.S. 259 (1993) (reemphasizing

5   broad prosecutorial immunity).  LaPena fails to illustrate with controlling law how such a finding

6   presents any clear error or manifest injustice beyond repeating conclusory allegations.

7   Accordingly, the court declines to reconsider its dismissal order on these grounds.

8          B.  LaPena fails to present newly discovered evidence.

9          LaPena also moves the court to reconsider his claims in light of newly discovered evidence

10  that Harmon suppressed LaPena's access to a confidential informant.  Joseph Costanza was the

11  informant who revealed Weakland's name to LVMPD after the Krause murder.  Costanza told

12  LVMPD that Weakland approached him with the idea to murder Krause.  LaPena alleges that

13  Harmon intentionally concealed Costanza's identity over several decades to obstruct LaPena's

14  defense.  LaPena states, "the entire project was designed by Harmon to make sure Costanza was

15  never interviewed by the defense and never made it back to Las Vegas to provide testimony."

16  (ECF No. 153 at 22).

17         LaPena offers an undated affidavit to support his theory.  The affidavit describes a 1983

18  conversation between an LVMPD detective and Weakland, which states Costanza instead

19  approached Weakland to commit the murder—not the other way around.  LaPena argues that the

20  affidavit alone shows Harmon was aware LaPena was innocent as early as 1983 and nonetheless

21  continued to prosecute him.

22         LaPena's arguments are unavailing on a motion for reconsideration.  The speculative "new

23  evidence" LaPena suggests is embedded in hearsay and contradiction in the record.  LaPena

24  suggests Constanza's identity was suppressed through 1985, but Harmon's counsel correctly

25  points out that Costanza was openly identified in conversations as early as 1974.  (ECF No. 156 at

26  16).

27         In order to form a basis for relief from judgment, newly discovered evidence must be likely

28  to produce a different outcome. *McKinnon v. OneWest Bank, FSB*, No. 2:12-cv-329, 2012 U.S.

Dist. LEXIS 126462, at *3 (D. Nev. Sep. 5, 2012). LaPena fails to show how the newly discovered affidavit would change the court's decision. Even with more plausible and corroborated evidence, the suppression of material evidence at trial is protected by absolute immunity. *Imber*, 424 U.S. at 409.

C. Leave to amend would be futile.

LaPena seeks, in the alternative, leave to amend his complaint. "[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

Here, the court found Harmon is entitled to absolute prosecutorial immunity but nonetheless noted the pleading deficiencies in LaPena's complaint. The gravamen of LaPena's allegations involve Harmon's role as a prosecutor and thus fall squarely in line with prosecutorial immunity. Moreover, the allegations are rooted in hearsay by defendants who have since passed. The court finds that amendment could not remedy the deficiencies in LaPena's evidence and is thus inappropriate.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration (ECF No. 153) be, and the same hereby is, DENIED.

DATED November 14, 2024.

_____

UNITED STATES DISTRICT JUDGE